## CIRCUIT COURT OF ARLINGTON COUNTY

John Mineo, etc., et al.

v.

Bay State Insurance Co.

November 23, 1984

Case No. (Law) 25123

### By JUDGE PAUL D. BROWN

This suit comes to be heard on the Demurrer of the defendant to the plaintiff's Amended Motion for Judgment. The Demurrer goes to the issue of policy coverage as to the plaintiffs. It is to be sustained as to the individuals John G. and Rita Z. Mineo. It is to be overruled as to John Mineo, Executor of the Estate of Anna R. Bacon, deceased.

Facts referred to herein are found in the Amended Motion and its several exhibits. Bacon died January, 1982. Her Will made specific money bequests of several thousand dollars and the remainder clause taking effect was to John Mineo. The Will named Mineo as executor and gave him "sole and absolute discretion in determining whether or not my real estate and improvements thereon . . . shall be sold or JOHN MINEO shall pay the above-described legacy and he shall retain my said real property . . ." It is undisputed that this provision caused title to vest in the Executor until he as a beneficiary made an election. In February, 1984, the Executor executed a deed to John Mineo et ux. as tenants by the entireties. At this time the Estate was negative as to personalty; that is to say the specific bequests and debts were greater than the personal property coming to the Executor. Therefore the land was chargeable with those debts.

Further, under Code Section 64.1-183, the conveyance being made within one year after the death of the testatrix

it was invalid against creditors. In June, 1982, there was a fire loss of the insured property of several thousand dollars, the amount in issue. It was not until 1983 that John Mineo, as an individual, paid some $6,500 into the Estate to assure the payment of debts and specific bequests of personalty.

One issue is whether there was an insurable interest in each plaintiff. As to the individuals I hold there was not. The policy, by its terms, requires written consent of the company to any assignment. While the Amended Motion describes a request of the Mineos for an endorsement to them, it only alleges "that an endorsement was not needed or required, as insurance coverage is in effect and shall continue for the benefit of decedent's estate and its legal representatives." This was not an acceptance of the request for an assignment. If anything, the response of the carrier's agent was to say that someone else, i.e. the estate and its legal representatives, were covered.

The policy terms gave coverage to "the insured named in the declarations above and legal representatives. . ." The term "legal representatives" was defined in *Geo. Home Ins. Co.* v. *Kinnier's Adm'x.*, 69 Va. (28 Gratt.) 88 (1877), where Judge Burks said, "The words 'legal representatives,' as used, are of the same import as the words executors, administrators, personal representatives. . ." The opinion rejected a construction of the policy which would construe legal representatives to mean the heirs at law.

Turning to the executor plaintiff, it is argued that since title had passed to Mineo as an individual, the insurable interest was lost. This term is defined in Code Section 38.1-331 to mean: "any lawful and substantial economic interest in the safety or preservation of the subject of insurance free from loss, destruction or pecuniary damage."

Mineo, Executor, is a totally different legal person from Mineo, beneficiary. At the time of the loss, the Estate was negative for the payment of debts and devises of personalty. It may have had a claim against Mineo personally to produce the money he eventually paid but that had not occurred. I hold that the Executor was insured as the legal representative of the decedent and was entitled

to the benefit of the decedent's insurance bargain at least to the extent of the sums subsequently paid into the estate by Mineo as an individual.

This view is partially supported by the finding of our Supreme Court in *Home Insurance Company of New York* v. *Dalis, et al.*, 206 Va. 71 (1965), where the Court held that the filing of condemnation certificates before a fire destroying part of the property owner's improvements did not defeat the "insurable interest" because the State's title obtained by filing the condemnation certificate was defeasible at the time of the loss.

Our Supreme Court has specifically held that the interest of the insured did not have to include legal title as opposed to being a lawful interest. In *Castle Cars, Inc.* v. *United States Fire Insurance Company*, 221 Va. 773 (1981), Castle, an auto dealer, purchased a used car receiving an assignment of title without knowing that the car had been stolen from its owner before Castle bought it. Castle insured the vehicle; the carrier paid on the claim and thereafter upon learning of Castle's lack of legal title filed suit for reimbursement. The Court held that the interest need not be legal or equitable title to insure plaintiff and held that a substantial economic interest was insurable if it was "lawful" in the sense that it was not acquired in violation of law. The Court therefore held that Castle's interest in the stolen vehicle was insurable.